**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Frederick J. Mathews, | ) | |
| | ) | Civil Action No.: 9:17-cv-01352-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of Magistrate Judge Bristow Marchant's ("Magistrate Judge") Report and Recommendation ("Report") filed on June 14, 2018 (ECF No. 18). The Report addresses Plaintiff Frederick J. Mathews' ("Plaintiff") claim for disability benefits and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 18 at 21.) For the reasons stated herein, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Report and **REMANDS** the action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 18.) As brief background, Plaintiff filed an application for disability benefits on July 15, 2013, which was denied initially. (*Id.* at 1.) However, upon reconsideration, Plaintiff was awarded a closed period of benefits from May 20, 2009, through July 17, 2012, but not for anytime thereafter. (*Id.*) After a hearing was held on September 15, 2015, an administrative law judge ("ALJ") determined, on October 21, 2015, that Plaintiff was entitled to disability benefits during the closed period, but was not entitled to benefits for any subsequent

period because of his medical improvements. (*Id.* at 1-2.) More specifically, the ALJ found that given Plaintiff's medical improvements, his residual functional capacity ("RFC") increased and there were changes in his ability to work. (ECF No. 10-2 at 28.) For example, the ALJ stated that after the closed period, Plaintiff had the RFC to "perform the full range of sedentary work as defined in 20 [C.F.R.] § 404.1567(a)" and limited Plaintiff to "only occasional overhead reaching, and no climbing of ladders, ropes, or scaffolds." (*Id.*) On this basis, the ALJ denied additional benefits to Plaintiff after the closed period because Plaintiff was no longer disabled for purposes of the Social Security Act ("the Act"). (*See Id.* at 18.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on March 20, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on May 25, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that based upon the record, three of Plaintiff's arguments were without merit. (ECF No. 20 at 12-13, 17-18, 20-21.) Specifically, the Report noted that "the record contains substantial evidence to support the conclusion of the Commissioner . . . ." (*Id.* at 21.) The Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report on June 14, 2018. (*Id.* at 22.) On June 28, 2018, Plaintiff filed an Objection to the Report and argued the following: (1) the Magistrate Judge failed to consider several factors regarding Plaintiff's

medical improvement; (2) the ALJ erred in evaluating the opinion evidence of several medical physicians; and (3) the ALJ failed to consider other factors inconsistent with full-time employment. (ECF No. 20 at 1-6.) Plaintiff urges the court to remand the action for further administrative proceedings. (*Id.* at 7.) On July 5, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 21.) The Commissioner requests the court to adopt the Magistrate Judge's Report because the ALJ's decision was supported by substantial evidence. (*Id.* at 4-5.) Moreover, the Commissioner asks the court to reexamine her Memorandum in Support of the Commissioner's Decision because Plaintiff's Objection has already been fully briefed (ECF No. 16). (*Id.* at 1-2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes three objections to the Magistrate Judge's Report. (ECF No. 20 at 1-6.) First, Plaintiff argues that the Magistrate Judge failed to consider several factors regarding Plaintiff's medical improvement. (*Id.* at 1-3.) Second, Plaintiff alleges that the ALJ erred in evaluating the opinion evidence of several medical physicians. (*Id.* at 3-5.) And lastly, Plaintiff maintains that the ALJ failed to consider other factors inconsistent with full-time employment. (*Id.* at 5-7.) The court will consider each objection in turn.

### 1. __Plaintiff's Medical Improvement__

Under the Act, an individual is not entitled to disability benefits when there is substantial evidence demonstrating: (1) "medical improvement in the individual's impairment or combination of impairments" as it relates to his or her ability to work; and (2) "the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1)(A)-(B). Medical improvement is defined as "any decrease in the medical severity of [an individual's] impairment(s) which was present at the time of the most recent favorable medical decision that [an individual was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). The Commissioner bears the burden of

establishing the existence of a medical improvement. *See McCalmon v. Astrue*, 319 F. App'x 658, 659 (9th Cir. 2009). As such, the only inquiry for a reviewing court is whether the Commissioner's termination of benefits is "based on substantial evidence of medical improvement." *White v. Chater*, No. 95-2366, 1996 WL 438943, at *1 (4th Cir. Aug. 6, 1996). A court must also decide whether the Commissioner's decision is based upon a correct application of the law. *See generally Blaine v. Astrue*, No. 4:09cv104, 2010 WL 3291824, at *6 (E.D. Va. June 3, 2010).

Plaintiff maintains that the Report failed to consider several factors showing that there was not substantial evidence for the ALJ's medical improvement determination. (ECF No. 20 at 1-3.) This argument is without merit. First, Plaintiff alleges that a CT myelogram indicates the progression of a disc bulge, and the disc bulge's progression was not considered by the ALJ or the Magistrate Judge. (*Id.* at 1-2.) An ALJ is required to review the entire record, but Plaintiff cannot compel an ALJ to refer to every piece of evidence within a decision. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Here, the ALJ referred to specific findings from the CT myelogram at issue. (ECF No. 10-2 at 30.) The ALJ was not under an obligation to discuss every aspect of the CT myelogram. *See Reid*, 769 F.3d at 865 (stating that there is not a rigid requirement that the ALJ specifically refer to "every piece of evidence" in his or her decision) (citations omitted). Moreover, Plaintiff's contention about the CT myelogram is irrelevant as it relates to subsequent findings regarding his medical improvement. (*Id.* at 32-35.) Plaintiff also submits that "neither the Magistrate Judge nor the ALJ discuss[ed] the MRI findings from September of 2012." (*Id.* at 2.) However, the ALJ explicitly considered these MRI findings. (ECF No. 10-2 at 30.)

Second, Plaintiff contends that "the ALJ [failed] to properly explain[] improvement in the lumbar spine after July 17, 2012." (ECF No. 20 at 3.) Plaintiff's argument misses the mark. The law requires an ALJ to determine whether there is medical improvement, by way of a decrease in

medical severity, in a claimant's "impairment or combination of impairments." 42 U.S.C. § 423(f)(1)(A)-(B); 20 C.F.R. § 404.1594(b)(1). In the instant case, the ALJ's decision recounts the status of Plaintiff's lumbar spine. (ECF No. 10-2 at 28-35.) Specifically, the ALJ noted that "[t]he claimant reported significant pain relief from his previous lumbar injection, but that the pain had started to increase." (*Id.* at 33.) Additionally, Dr. Edward Nolan, who Plaintiff seems to assert was his treating physician (ECF No. 20 at 4-5), even states that the lumbar injections provided Plaintiff with "moderate relief." (ECF No. 10-2 at 34.) Upon review, the court concludes that there was substantial evidence, in accordance with the correct law, for the ALJ's determination regarding medical improvements. *See Walls*, 296 F.3d at 290. Thus, the court declines to remand the action on this ground and accepts the Report as it relates to Plaintiff's medical improvement.

## 2. Evaluation of Medical Opinion Evidence

Generally, an ALJ is required to give "greater weight to the testimony of a treating physician, [but] the rule does not require that the testimony be given controlling weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)). In some instances, "a treating physician's opinion on the nature and severity of [a] claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Id.* (citing 20 C.F.R. § 416.927). Accordingly, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ is entrusted with determining whether a claimant is disabled and cannot be bound by a treating physician's opinion regarding a claimant's ability to work. *See Sharp v. Colvin*, 660 F. App'x 251, 256 (4th Cir. 2016).

Plaintiff argues that the Report erred in evaluating the opinions of several of his physicians, including those of Dr. Gunter, Dr. Nolan, and Dr. Worthington. (ECF No. 20 at 3-5.) Plaintiff also asserts that the Report "fails to explain how the ALJ's decision to accord less than controlling weight to a treating physician's opinion is substantially justified." (*Id.* at 5.) As an initial matter, an ALJ is not always required to give controlling weight to a treating physician, and Plaintiff is incorrect in implying that such evidence is always controlling. *See Mastro*, 270 F.3d at 178; *Craig*, 76 F.3d at 590. As such, the court does not find any error on the part of the ALJ as it relates to giving Dr. Nolan's opinion "little weight" because his opinion was inconsistent with his treatment notes and created further inconsistencies within the record. (ECF No. 10-2 at 35-36.) Therefore, the court accepts the Report in this regard.

With respect to the opinions of Dr. Gunter and Dr. Worthington, the court must engage in a different inquiry. An ALJ "must include 'a narrative discussion describing how the evidence supports' his 'explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations.'" *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (quoting *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016)).[1] While the ALJ provided the weight given to Dr. Nolan's opinion, the ALJ's decision does not assign any weight, whatsoever, to the opinions of Dr. Gunter or Dr. Worthington. (*Compare* ECF No. 10-2 at 35-36, *with* ECF No. 10-2 at 30-34.) Put simply, even though *Monroe* and *Woods* demand the opposite, there is no explanation about the degrees of weight given to the medical opinions of Dr. Gunter

---

[1] The *Monroe* and *Woods* decisions were decided after the ALJ's decision in the instant case. (*Compare* ECF No. 10-2 at 37, *with Monroe*, 826 F.3d at 176, *and Woods*, 888 F.3d at 686.) Nevertheless, the court adheres to the general rule that judicial precedent is applied retroactively and applies *Monroe* and *Woods* to this case. *See Cash v. Califano*, 621 F.2d 626, 632 (4th Cir. 1980) (holding that the Secretary of Health, Education, and Welfare failed to avoid the general rule that "judicial decisions are to have retroactive effect"). Neither Plaintiff nor the Commissioner addressed the retroactivity of these decisions.

and Dr. Worthington. (*See* ECF No. 10-2 at 30-36.) The ALJ's analysis is therefore "incomplete and precludes meaningful review" because it lacks explanations regarding the weight of medical opinion evidence. *Monroe*, 826 F.3d at 191. *See generally Testamark v. Berryhill*, No. 17-2413, 2018 WL 4215087, at *2 (4th Cir. Aug. 31, 2018) ("[An ALJ must] 'present us with findings and determinations sufficiently articulated to permit meaningful judicial review.'" (quoting *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983))). Thus, the court will remand the action on this narrow ground and rejects the Report in this regard. [2]

### 3. Evaluation of Plaintiff's Credibility

If an ALJ determines that a claimant's subjective complaints are not credible, the ALJ's determination must be supported by substantial evidence. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67-68 (4th Cir. 2014). Generally, "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. Air Prods. & Chems., Inc.*, 717 F.2d 141, 145 (4th Cir. 1983)). Exceptional circumstances exist when "a credibility determination is unreasonable, contradicts other findings of fact, or is 'based on an

---

[2] Similar to the ALJ's decision, the Report fails to state the exact weight given to the opinions of Dr. Gunter and Dr. Worthington, but seems to rely upon them heavily. (*See* ECF No. 18 at 7-16.) In this instance, the evaluation conducted by the ALJ and the Report is insufficient. *See Wilson v. Berryhill*, No. 0:16-3299-BHH, 2018 WL 1166088, at *5 (D.S.C. Mar. 6, 2018) ("The Commissioner must evaluate all medical opinions and determine the weight to be accorded to each opinion based on the relationship between the physician and the claimant.") (citations omitted).

Remand is indeed appropriate when the ALJ has not "explicitly indicate[d] the weight given to all the relevant evidence." *Murphy v. Bowen*, 810 F.2d 433, 437-38 (4th Cir. 1987). The court declines to undertake a harmless error analysis because the ALJ has not mentioned the weight given to the medical opinions. *See Harmon v. Astrue*, C/A No. 9:09–1964–DCN–BM, 2010 WL 3786496, at *7 (D.S.C. Sept. 21, 2010) (declining to conduct a harmless error analysis when the ALJ did not provide specific findings) (citing *Davis v. Astrue*, No. 2:07–231–MBS–RSC, 2008 WL 540899, at *3–4 (D.S.C. Feb.22, 2008)).

inadequate reason or no reason at all.'" *NLRB v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (4th Cir. 1993) (citations omitted). Unless a claimant shows an exceptional circumstance, a reviewing court must only examine whether the ALJ includes "a discussion of which evidence [he or she] found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

Plaintiff argues that the ALJ failed to "properly explain" the inconsistency between his subjective reports and the medical evidence. (ECF No. 20. at 5-6.) This argument is without any merit and fails to rise to the level of an exceptional circumstance. While examining evidence from 2012, the ALJ specifically considered that Plaintiff "drives himself," "could prepare meals . . . [in] a great deal of pain," and could not "hold . . . hedgers high enough." (ECF No. 10-2 at 28-29.) These are the same factors that Plaintiff alleges that the ALJ did not consider.[3] (*Compare Id.*, *with* ECF No. 20 at 5-6.) Moreover, the ALJ also reviewed objective evidence that was "inconsistent with . . . [Plaintiff's] subjective complaints." (*Id.* at 30, 35.) Upon review of the record, the court concludes that the ALJ's credibility determination rested upon substantial evidence, and the court is not left wondering about the basis for the ALJ's decision.[4] *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1987) (holding that the Commissioner, through the ALJ, is required to explicitly indicate the weight given to all of the relevant evidence). As such, the court declines to remand the action on this ground and accepts the Report on this issue.

_____

[3] Plaintiff forgets that "[t]he ALJ [is] entitled to disagree with [Plaintiff's] subjective view . . . ." *Bostic v. Astrue*, 474 F. App'x 952, 954 (4th Cir. 2012).

[4] Importantly, the ALJ adequately built "an accurate and logical bridge from the evidence to [the] conclusion that [the claimant's] testimony was not credible." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). In this case, the ALJ noted the limitations of Plaintiff's daily activities and throughouly considered those limitations with the objective evidence. (*See* ECF No. 10-2 at 28-36.) This reasoning is beyond sufficient to create an "accurate and logical bridge" as mandated by precedent from the United States Court of Appeals for the Fourth Circuit. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269-71 (4th Cir. 2017)

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 20) and the Magistrate Judge's Report (ECF No. 18), the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **REMANDS** the action for further administrative proceedings.

**IT IS SO ORDERED.**

United States District Judge

September 17, 2018
Columbia, South Carolina